IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES R. SMITH, | : | |
|     Plaintiff | : | |
| | : | No. 1:18-cv-01751 |
|     v. | : | |
| | : | (Judge Rambo) |
| RICKEY L. SHERMAN et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Plaintiff, James R. Smith, an inmate confined at the State Correctional Institution at Benner, Bellefonte, Pennsylvania ("SCI-Benner"), filed this civil action pursuant to 42 U.S.C. § 1983 on August 7, 2018 in the United States District Court for the Western District of Pennsylvania. (Doc. No. 1.) This case was transferred to this district on September 5, 2018. (Doc. No. 4.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), the Court will perform the following screening of the complaint.

### I.    BACKGROUND

Plaintiff's complaint names two Defendants in the caption: (1) SCI-Benner and (2) Rickey L. Sherman ("Sherman"). (Doc. No. 1-1 at 1.) Sherman appears to be a fellow inmate incarcerated at SCI-Benner, as the caption of the complaint lists an inmate number for Sherman. (Id.) Plaintiff alleges that while incarcerated at SCI-Benner, Sherman engaged in a sexual assault of Plaintiff when he allegedly grabbed Plaintiff's private area while Plaintiff was in the prison yard. (Id. at 2.)

1

Plaintiff claims that he filed a complaint with the Department of Corrections pursuant to the Prison Rape Elimination Act ("PREA"), which appears to be pending while an investigation is being conducted. (Id.) Plaintiff has also filed a motion for leave to proceed in forma pauperis (Doc. No. 5.)

## II.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); James v. Pa. Dep't of Corr., 230 F. App'x 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought in forma pauperis. See 28 U.S.C. § 1915(e)(2). In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mitchell, 696 F. Supp. 2d at 471.

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The

Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In conducting its screening review of a complaint, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III. DISCUSSION

While Plaintiff does not specifically mention 42 U.S.C. § 1983, the Civil Rights Act, in liberally construing the complaint, it appears that Plaintiff is seeking to vindicate his federal rights. (Doc. No. 1-1.) However, because Plaintiff does not have a cause of action directly under the Constitution of the United States, nor does he identify another source of a federal right alleged to have been violated, the Court construes it as invoking the Court's federal jurisdiction pursuant to 42 U.S.C. § 1983. See, e.g., Bean v. McFarland, Civ. No. 15-228, 2015 WL 1431124, at *2 (W.D. Pa. Mar. 27, 2015).

To state a viable § 1983 claim, a plaintiff must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Further, § 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002).

Plaintiff has named SCI-Benner as a Defendant in this action. (Doc. No. 1-1.) However, other than being named in the caption of the complaint, the body of the complaint contains no allegations against SCI-Benner. (Doc. No. 1.) This form of pleading is patently inadequate since it fails to allege facts that give rise to

a plausible claim for relief. See Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). Moreover, SCI-Benner is not subject to suit under 42 U.S.C. § 1983 and will be dismissed with prejudice pursuant to the screening provisions of the PLRA. See Smith v. Samuels, Civ. No. 12- 524, 2013 WL 5176742, at *4 (M.D. Pa. Sept. 12, 2013) ("Courts have repeatedly recognized that a prison or correctional facility is not a person for purposes of civil rights liability.") Will v. Michigan Dep't of State Police, 491 U.S 58, 64 (1989) (holding that a State is not a "person[]" under § 1983); Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000); Beattie v. Dep't of Corr. SCI-Mahanoy, Civ. No. 08-00622, 2009 WL 533051, at *6 (M.D. Pa. Mar. 3, 2009); Davis v. Pa. Bd. of Prob. And Parole, Civ. No. 05-330J, 2006 WL 3308440, at *5 (W.D. Pa. Oct. 13, 2006).

Regarding Defendant Sherman, he appears to be a prisoner at SCI-Benner. (Doc. No. 1-1 at 1.) The Court finds that the complaint against Plaintiff's fellow prisoner fails to show that Sherman acted under color of state law as is required to state a claim under § 1983. Because Sherman is not a person acting under color of state law, he is not a properly named Defendant. See Simonton v. Tennis, 437 F. App'x 60 (3d Cir. 2011) (affirming district court's dismissal pursuant to the PLRA of a claim against a fellow inmate who allegedly assaulted a state prisoner and finding that the fellow inmate was not a state actor and did not act under color of

state law, and thus, could not be liable under § 1983); Bean v. MacFarland, Civ. No. 15-228, 2015 WL 1431124, at *2 (W.D. Pa. Mar. 27, 2015)

Consequently, because neither Defendant is subject to suit under 42 U.S.C. § 1983, the complaint will be dismissed for failure to state a claim upon which relief may be granted. Plaintiff will not be granted leave to amend, as any amendment against either Defendant would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (finding that the court may deny a motion to amend where the amendment would be futile).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint (Doc. No. 1), will be dismissed. An appropriate order follows.

                s/Sylvia H. Rambo  
                SYLVIA H. RAMBO  
                United States District Judge

Dated: November 29, 2018